UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNITH W. MONTGOMERY**<br>DOC # 123966 | : | **DOCKET NO. 18-cv-0067**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **JERRY GOODWIN** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Kennith Montgomery. Montgomery is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at David Wade Correctional Center in Homer, Louisiana.

### I.
#### BACKGROUND

Following a jury trial in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, Montgomery was convicted of two counts of distribution of cocaine, a violation of Louisiana Revised Statute § 40:967. *State v. Montgomery*, 158 So.3d 87, 89 (La. Ct. App. 3d Cir. 2014). After sentencing, he was adjudicated a habitual offender by separate proceeding sentenced to two concurrent thirty-year terms of imprisonment. *Id.* at 89. He appealed his convictions to the Louisiana Third Circuit Court of Appeal, raising the following assignments of error *pro se* and through counsel:

1. The trial judge failed to recuse himself or properly refer the recusal motion to another judge.

2. The trial judge denied the defendant a full and fair hearing on his motion to suppress.

> 3. The defendant was denied due process by the district attorney's failure to timely provide discovery.
>
> 4. The Calcasieu Parish method of selecting jurors is unconstitutionally prejudicial as it systematically excludes African-Americans from jury duty.

*Id.* The Third Circuit reviewed these claims on the merits and denied relief, with one judge filing a dissent asserting, in relevant part, that the majority had failed to consider all allegations under the denial of discovery claim. *Id.* at 89–96. The petitioner sought a writ of review in the Louisiana Supreme Court, which denied same on November 16, 2015. *State v. Montgomery*, 184 So.3d 23 (La. 2015). He did not file a petition for writ of certiorari in the United States Supreme Court. Doc. 1, p. 3.

On or about December 2, 2015, Montgomery filed a *pro se* Uniform Application for Post-Conviction Relief with an accompanying memorandum in the trial court. Doc. 1, att. 3, pp. 71–92. There he renewed his claim based on late disclosure of evidence, and alleged that he was denied his right to self-representation under the Sixth Amendment when the trial court appointed stand-by counsel despite granting his motion for self-representation. *Id.* Within that second claim, he alleged that stand-by counsel prevented him from adequately preparing for trial by failing to timely provide him with discovery and give him notice of his new trial date. *Id.* at 91–92. He states that the trial court denied this application on the merits and his exhibits show that he then sought review in the Third Circuit. *Id.* at 94–115; *see id.* at 104 (quoting trial court's ruling). The Third Circuit denied writs, finding no error to the trial court's ruling. *Id.* at 120. Montgomery then sought review in the Louisiana Supreme Court, adding a claim that the Third Circuit had "grossly departed from

proper judicial proceedings" in its treatment of his *pro se* writ application. *Id.* at 3–27. The Louisiana Supreme Court denied review on November 17, 2017.[1] *Id.* at 1.

Montgomery then filed his petition for writ of habeas corpus in this court on January 9, 2018. Doc. 1, p. 15. Here he raises the following claims for relief:

1. The trial court erred in allowing the state to introduce video evidence at trial, which it only turned over to the defense shortly before trial.

2. The trial judge erred in failing to recuse himself or refer the recusal motion to another judge.

3. The trial court erred in allowing the case to proceed without affording the petitioner an opportunity to prepare his defense.

4. The trial court erred in denying the petitioner his right to self-representation.

5. The trial court erred in allowing the state to produce discovery at the "eleventh hour."

6. The Third Circuit Court of Appeal and Louisiana Supreme Court erred in failing to address all of the petitioner's claims.

7. The petitioner received ineffective assistance of counsel when trial counsel failed to timely provide discovery and inform him of his new trial date, and refused to object to the trial date or file any pre-trial motions.

8. The trial court erred in denying the petitioner's motion to suppress without granting him a hearing.

Doc. 1, att. 2.

## II.
### LEGAL STANDARDS

Before this court reaches the merits of a *habeas* claim, it conducts a preliminary review of the pleadings and exhibits in order to determine whether the petitioner has exhausted all available

---
[1] The court also issued a standard per curiam opinion noting that Montgomery had fully litigated his post-conviction claims and would be barred under the Louisiana Code of Criminal Procedure from filing a successive application unless he could show that one of the narrow exceptions to the bar on such applications applied to his case. Doc. 1, att. 3, p. 2.

state remedies prior to filing his petition in federal court, whether any of the claims raised are subject to the procedural default doctrine, and whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1).

*A. Exhaustion*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

B. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[2] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

C. *Limitations Period*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. §

---

[2] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### III.
#### AMEND ORDER

Montgomery's petition is plainly timely and it appears that most of his claims have been exhausted through the state courts.[3] From the record provided, however, it appears that Montgomery's claim of ineffective assistance was never raised in the state courts. Although he

---

[3] We construe Claim 6 in the instant petition, in which Montgomery alleges that the state courts of appeal failed to properly consider his claims, as a defense against any potential procedural default rather than a separate claim for relief. Other claims, with the exception of the ineffective assistance claim discussed above, are repetitive, but we note that all of the allegations and legal arguments were raised in the state courts.

complained of stand-by counsel's performance under his *Faretta* claim, based on denial of self-representation, he did not mention her failure to file pre-trial motions. *See* doc. 1, att. 3, pp. 89–92. His allegations focused on how her appointment impinged on his right to self-representation, rather than how she provided less than a constitutionally acceptable level of assistance either before or after he asked to represent himself. *See, e.g.*, *Wood v. Quarterman*, 491 F.3d 196, 201–03 (5th Cir. 2007) (providing the standards for both ineffective assistance and *Faretta* claims). The decision and the filings he has provided from direct appeal also show nothing from which we can infer that he raise an ineffective assistance claim. *Montgomery*, 158 So.3d at 89–96; doc. 1, att. 3, pp. 148–213. Accordingly, the fair import of the ineffective assistance claim was not presented to the state courts and is therefore unexhausted.

It is well-established that district courts may not adjudicate "mixed" petitions for habeas corpus; that is, those containing both exhausted and unexhausted claims. *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005) (citing *Rose v. Lundy*, 102 S.Ct. 1198 (1982)). When faced with mixed petitions, courts have the discretion to grant a stay and hold the federal proceedings in abeyance while allowing the petitioner to return to state court with his unexhausted claims. *Green v. Thaler*, 699 F.3d 404, 420 (5th Cir. 2012) (citing *Rhines v. Weber*, 125 S.Ct. 1528 (2005)). Such a stay should only be granted, however, where the petitioner can show good cause for his failure to exhaust. *Rhines*, 125 S.Ct. at 1534–35. Similarly, stays are inappropriate when the district court finds that the unexhausted claims would be procedurally barred in the state courts. *Neville*, 423 F.3d at 479–80. Accordingly, some petitioners elect to dismiss their unexhausted claims and proceed on only the exhausted claims. However, doing so creates the risk of dismissal of the unexhausted claims if they are brought in subsequent petitions, under the federal courts' strong inclination against successive § 2254 petitions. *Lundy*, 102 S.Ct. at 1204–05.

Accordingly, Montgomery's options are as follows:

1. Request a stay in proceedings, with the knowledge that same might be denied if he cannot show good cause for his failure to exhaust or in light of the Louisiana Supreme Court's per curiam opinion stating that he had fully litigated his post-conviction claims;

2. Maintain the petition as is, with full knowledge that it will likely be dismissed under *Lundy*, supra, unless he can show a reason why the exhaustion requirement should not be applied to his claim;

3. Voluntarily dismiss the unexhausted claim, with the knowledge that he may be barred from reurging it in another federal petition even if he manages to exhaust that claim in state court; or

4. Voluntarily dismiss the entire petition without prejudice in order to exhaust the unexhausted claim, but with the knowledge that his petition might be barred by the limitations period when he refiles.

Montgomery should consider the options above and inform the court of his choice within **40 days** of this order, in order for the court to complete its initial review. Failure to comply will result in a recommendation that the action be dismissed without prejudice due to the mixture of exhausted and unexhausted claims.

Montgomery is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 5th day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE