# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNITH W. MONTGOMERY** : | | **DOCKET NO. 18-cv-0067** |
|     **D.O.C. # 123966** | | |
| **VERSUS** : | | **UNASSIGNED DISTRICT JUDGE** |
| **JERRY GOODWIN** : | | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a "Motion for Writ of Mandamus" [doc. 13] filed by petitioner Richard Montgomery, who is seeking relief from this court through a petition for writ of habeas corpus [docs. 1, 8] filed pursuant to 28 U.S.C. § 2254. Montgomery is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana.

### I.
### BACKGROUND

In this motion Montgomery seeks injunctive relief against Keith Cooley, warden of Allen Correctional Center ("ALC"), and James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections. He alleges that he was transferred from ALC to DWCC on August 31, 2016, before the filing of this suit, and that his legal papers have not been forwarded. Doc. 15. He also contends that Cooley has refused to answer his complaints. *Id.* Accordingly, he requests that the court order Cooley and LeBlanc to turn over his legal papers from ALC.

# II.
## LAW & ANALYSIS

Preliminary injunctive relief "is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quotations omitted). Specifically, a movant must establish **all** of the following elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).

This court has no jurisdiction to order injunctive relief against a non-party, even assuming that Montgomery could meet his burden on the above factors. *Garrett v. Stephens*, 2015 WL 1390781 (S.D. Tex. Mar. 23, 2015). As sole respondent in his case, Montgomery has properly named the warden of the facility where he is currently incarcerated. *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2718 (2004). Thus, neither Cooley nor LeBlanc is a party to this suit and the court has no jurisdiction to grant the relief that Montgomery requests. Montgomery may instead seek relief through a separate suit against these individuals.

# III.
## CONCLUSION

Based on the foregoing, the Motion is **DENIED**, without prejudice to Montgomery's right to seek relief through a separate lawsuit.

THUS DONE AND SIGNED in Chambers this 2nd day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE